The presiding judge laid down the rule in such cases to be this. That in all dubious cases, (under the degree of treason or felon)’, plainly set forth in the warrant of commitment,) as long as it was uncertain whether the party was guilty or innocent of the charge alleged against him, such was the humanity of the law, that he ought to be bailed. But when a prosecution was so far advanced, as to establish the guilt of .the party accused by a conviction of the jury, the probability of innocence no longer existed ; on the contrary, the law would and ought to presume him guilty. The discretionary power of the court then ceases, in all cases where infamous corporal punishment is or ought to be inflicted on the accused person, found guilty of the offence.
That from the very nature of man, who was not lost to all shame, there was nothing he would not forfeit of a pecuniary nature, rather than sutler infamy and disgraceful punishment. Unfortunately, the welfare of society called, in some cases, for such examples, to prevent the repetition *37 of offences. In all such cases, therefore, no bail could, or ought to be taken or continued. The defendant must stand committed. There could be no other sufficient security to the community, until his case can ultimately be decided by the constitutional court of appeals. Though it had been usual in cases of assaults, batteries and misdemeanors, where onl) fine or imprisonment was to be the punishment, to admit persons convicted of those minor offences to bail, for their appearance at the constitutional court, where motions for new trial or in am st of judgment were made on their behalf, to abide the final determination of such appellate court, which additional bail was generally proportioned to the nature and circumstances of the case, as appeared upon trial.
The motion was therefore overruled, and the defendant ordered into the sheriff’s custody.
At the next meeting of the constitutional court of appeals, the two motions in arrest of judgment and for a new trial, were argued by Mr. Holmes on behalf of the prisoner, and opposed by the Attorney-General; but as there were no sufficient grounds to support either of them, they were both dismissed.
After which, the defendant was sentenced to fine and imprisonment, by the judge who presided on the trial in the circuit court.
On this occasion the judges took an opportunity of expressing their opinions, in favour of the refusal of the circuit court, to admit a defendant to bail after his conviction, in a case so highly criminal; but admitted the necessity of an exercise of a discretionary power, even after conviction, in cases for lower offences, to bail for the appearance of offenders at the constitutional court of appeals, to abide the final sentence of that court.
Present, Burke, GaiMKE, Waties and Bat;